### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ARNETT F. RAMSEY, # B-82889,**

**Plaintiff,**

**vs.**                                        **Case No. 14-cv-00351-DRH**

**JOE CHRIST, MICHAEL COOK,**
**J. COBB, MILTON WHARTON,**
**MIKE METTES,**
**PAUL STORMETMENT, III,**
**PROSECUTORS OFFICE,**
**and STATE OF ILLINOIS,**

**Defendants.**

### <u>MEMORANDUM AND ORDER</u>

**HERNDON, Chief Judge:**

Plaintiff Arnett Ramsey, an inmate who is currently incarcerated in Southwestern Illinois Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1).  Plaintiff is currently serving a 3-year sentence for a drug-related conviction and a 5- year sentence for reckless homicide.  Plaintiff claims that he was coerced into accepting the 5-year sentence for reckless homicide, as a result of attorney, prosecutorial, police, and judicial misconduct (Doc. 1, p. 7).  Plaintiff now sues eight defendants for violating his Sixth and Fourteenth Amendment rights.  He seeks monetary damages in the amount of $250,000.

## Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.   Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.   28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.   Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or

conclusory legal statements." *Id.* At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under Section 1915A and summarily dismiss this action.

## The Complaint

Plaintiff sues defendants Joe Christ[1] (former prosecuting attorney), Michael Cook[2] (former St. Clair County Judge), J. Cobb (East St. Louis Police Department officer), Milton Wharton (retired St. Clair County Judge), Mike Mettes (attorney), and Paul Storment, III[3] (attorney), as well as the St. Clair County Prosecutors Office and the State of Illinois, for violations of his Sixth and Fourteenth Amendment rights (Doc. 1, pp. 1-2, 7). Plaintiff's statement of claim covers four bullet points and spans a single page.

Plaintiff alleges that he was coerced into waiving his right to a jury trial in a criminal case, Case No. 05-CF-1779, based on the unlawful conduct of these members of the bar, judiciary, and law enforcement (Doc. 1, p. 7). Plaintiff's criminal case was originally assigned to Defendant Wharton on August 3, 2012. Defendant Christ requested reassignment of the case to Defendant Cook. Thereafter, Defendant Christ allegedly "forced [Plaintiff] to take 5 years I.D.O.C. time against [his] will," by threatening Plaintiff with a "65 year sentence at 100%."

---

[1] Defendant Christ is now deceased. Soon after taking the bench as a St. Clair County Circuit Judge, he died of a cocaine overdose in March 2013, while visiting Defendant Cook's family hunting lodge in Pike County, Illinois.

[2] Defendant Cook resigned from his position as a St. Clair County Circuit Judge in May 2013, after being charged with federal heroin and gun counts.

[3] Improperly spelled Stormetment in the petition.

Defendant Christ allegedly told Plaintiff that he "could make that happen in front of Judge Cook."  Plaintiff claims that he was denied the right to a jury trial under the Sixth Amendment.

The complaint also alleges that Defendant Cobb admitted in open court that he used threats and coercion to "force[] witness signatures on a photo line-up." Despite this admission, Defendant Wharton did not dismiss the evidence at issue.[4]  Plaintiff claims that this violated his right to due process under the Fourteenth Amendment.

Finally, the complaint alleges that Defendant Mettes and Storment "created a Brady violation concerning Case #05-CF-01779" between February and August 2012.  The complaint includes no additional allegations in support of this claim (Doc. 1, p. 7).

Plaintiff now sues the defendants for violating his right to a jury trial under the Sixth Amendment and his due process rights under the Fourteenth Amendment.  He seeks monetary damages (Doc. 1, p. 8).

## Discussion

After fully considering the allegations in the complaint, the Court concludes that it fails to state a cognizable claim against any defendant.  Plaintiff brings this action pursuant to 42 U.S.C. § 1983, for constitutional deprivations that resulted from his criminal proceedings.  However, plaintiff does not seek release from prison or a new trial.  He seeks only monetary damages.

---

[4] The complaint includes no additional allegations addressing this claim.  It is therefore unclear what "evidence" was at issue or what impact it had on Plaintiff's criminal case.

At the outset, this Court must independently evaluate the substance of plaintiff's claims to determine if the correct statute - in this case 42 U.S.C. § 1983 - is being invoked. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (dismissing § 1983 claims that should have been brought as petitions for writ of habeas corpus); *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked). A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). Plaintiff seeks none of these things. Rather, he seeks monetary damages—a remedy that is available under § 1983 and not habeas. At first glance, it appears that plaintiff has invoked the proper statute by bringing this action under § 1983. However, his claims fail for many reasons, the most critical of which are discussed below.

1.    ***Heck v. Humphrey***

First, this action appears to be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the United States Supreme Court held that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or

sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." Here, a judgment in favor of plaintiff could imply the invalidity of his conviction or sentence. Therefore, unless plaintiff can demonstrate that his conviction or sentence has already been invalidated, the complaint must be dismissed. *Id.* The complaint includes no allegations addressing this issue. Therefore, it is appropriate to dismiss the complaint, albeit without prejudice, on this basis.

## 2.    State of Illinois

Plaintiff cannot proceed with his claims against the State of Illinois because the State is not a "person" who is subject to suit under § 1983. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment bars suits against states in federal court for money damages. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). Accordingly, all claims against the State of Illinois shall be dismissed.

## 3.    St. Clair County Prosecutors Office

The complaint also fails to articulate a colorable claim against Defendant St. Clair County Prosecutors Office. "Section 1983 creates a federal remedy

against anyone who, under color of state law, deprives 'any citizen of the United States . . . of any rights, privileges, or immunities secured by the Constitution and laws.'" *Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012) (quoting 42 U.S.C. § 1983). "[A] municipality or other local government may be liable under this section if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, --- U.S. ---, 131 S. Ct. 1350, 1359 (2011) (citing *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 692 (1978)). However, local governments are responsible "only for 'their *own* illegal acts.'" *Id.* at 1359 (citing *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)). They cannot be held vicariously liable for the actions of their employees. *Id.* (citation omitted). Therefore, a plaintiff seeking to impose liability on a local government under § 1983 must prove that "action pursuant to official municipal policy" caused the injury at issue. *Id.* (citing *Monell*, 436 U.S. at 691). Plaintiff's complaint contains no such allegation.

In fact, beyond naming St. Clair County Prosecutors Office as a defendant, the complaint includes no allegations against this defendant. Therefore, the Court is unable to ascertain what claims, if any, plaintiff has against this defendant. The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so

they can properly answer the complaint.  Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.  Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

For the reasons set forth above, all claims against Defendant St. Clair County Prosecutors Office shall be dismissed.

**4.    Prosecuting Attorney**

Plaintiff's claims against defendant Christ meet with the same fate.[5]  State prosecutors enjoy absolute immunity from civil suits for damages under § 1983, for actions taken within the scope of their duties in initiating and pursuing a criminal prosecution and in presenting the State's case.  *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).  The complaint does not include any allegations which suggest that defendant Christ acted outside the scope of his duties in initiating or pursuing a criminal prosecution against plaintiff.  In fact, plaintiff does not challenge his conviction or his sentence at all.  He also does not seek a jury trial at this time.  Plaintiff merely alleges that by accepting a 5-year sentence, he was deprived of his right to a trial by jury.  However, that was plaintiff's choice—and

---

[5] The fact that Defendant Christ is now deceased does not dictate the outcome of plaintiff's claim. *See Walsh v. City of Chicago*, 712 F. Supp. 1303, 1306 (N.D. Ill. 1989) (substitution of deceased defendant with defendant's representative may be appropriate in § 1983 action); *see also* FED. R. APP. P. 25(a)(1).

the choice of many criminal defendants who wish to avoid the uncertainties associated with a jury trial.  Plaintiff's subsequent feelings of regret do not give rise to a cognizable claim under § 1983.   Accordingly, the claims against defendant Christ shall also be dismissed.

**5.    Judges**

The complaint articulates no claim against defendants Wharton or Cook. Judges are entitled to absolute immunity for "acts committed within their judicial jurisdiction." *See Imbler*, 424 U.S. at 418 (citing *Bradley v. Fisher*, 13 Wall. 335 (1872); *Pierson v. Ray*, 386 U.S. 547, 554-555 (1967)).   The allegations in the complaint hardly suggest that these defendants acted outside of their judicial jurisdiction in processing Plaintiff's criminal case.   With regard to defendant Wharton, the complaint challenges an evidentiary decision.   With regard to defendant Cook, the complaint merely alleges that he accepted reassignment of plaintiff's case to his Court.   Neither of these actions on the part of defendants Wharton or Cook give rise to a colorable claim under § 1983.   Accordingly, plaintiff's claims against defendants Wharton and Cook shall be dismissed.

**6.    Attorneys**

According to the complaint, defendant Mettes and Storment "created a Brady violation concerning Case #05-CF-01779" between February and August 2012 (Doc. 1, p. 7).   This single allegation states no claim to relief that is "plausible on its face." *Twombly*, 550 U.S. at 570.  It does not allow the "court to draw the reasonable inference that the defendant[s are] liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678.  Although the Court is obligated to accept factual allegations as true, factual allegations, such as this, are so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  S*ee Smith*, 631 F.3d at 419; *Brooks*, 578 F.3d at 581.  It is unclear what role these defendants played in plaintiff's criminal case, let alone the claims Plaintiff is attempting to assert against them.  Without more, this claim fails and shall be dismissed.

**7.    Police Officer**

The complaint alleges that defendant Cobb used threats and coercion to force witness signatures on a photo line-up (Doc. 1, p. 7).  This single allegation against defendant Cobb is so threadbare that it must be dismissed for the same reasons the Court is dismissing the claims against defendants Mettes and Storment.

For the reasons set forth above, the complaint shall be dismissed. dismissal shall be without prejudice.

**Pending Motions**

Plaintiff has filed a motion to proceed in forma pauperis (Doc. 2), which shall be decided in a separate Order of this Court.

Plaintiff has also filed a motion to appoint counsel (Doc. 3), which is hereby **DENIED**.

**Disposition**

**IT IS HEREBY ORDERED** that the complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted.

Defendant **STATE OF ILLINOIS** is hereby **DISMISSED** with prejudice. Defendants **JOE CHRIST, MICHAEL COOK, J. COBB, MILTON WHARTON, MIKE METTES, PAUL STORMETMENT, III,** and **ST. CLAIR COUNTY PROSECUTORS OFFICE** are **DISMISSED** without prejudice.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim.  *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr*. 150 F.3d 810, 811 (7th Cir. 1998).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00[6] remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: April 14, 2014**

Digitally signed by
David R. Herndon
Date: 2014.04.14
14:17:11 -05'00'

Chief Judge
United States District Court

---

[6] Should Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) be denied, he shall be assessed a filing fee of $400.00, rather than $350.00.